

**ORDERED in the Southern District of Florida on October 27, 2011.**

_____
**A. Jay Cristol, Judge
United States Bankruptcy Court**

---

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION**
www.flsb.uscourts.gov

| | |
|---|---|
| In re: ) | Case No. 10-20733-BKC-AJC |
| ) | |
| HARBOUR EAST DEVELOPMENT, LTD. ) | Chapter 11 |
| ) | |
| Debtor. ) | Adv. No.: 11-2274-BKC-AJC-A |
| ) | |
| MARIO EGOZI, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | |
| ) | |
| 7935 NBV, LLC, ) | |
| ) | |
| Defendant. ) | |

**ORDER DENYING 7935 NBV LLC'S MOTION FOR SANCTIONS**

THIS MATTER came before the Court on September 26, 2011 at 3:00 p.m. for a hearing on *7935 NBV LLC's Motion for Sanctions* (D.E. 9) (the "Motion for Sanctions") and *Mario Egozi's Memorandum in Opposition to 7935 NBV LLC's Motion for Sanctions* (D.E. 34) ("Egozi's Opposition"). Under Federal Rule of Bankruptcy Procedure 9011, the filing of this Adversary Proceeding by Mario Egozi ("Egozi") (the "Egozi Adversary Proceeding") for

subrogation and subordination does not warrant the imposition of sanctions. Accordingly, 7935 NBV LLC's ("NBV") Motion for Sanctions is denied.

**A.     Jurisdiction.**

1.     This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1334(b). This Court has jurisdiction because this is an action that arises under Title 11 and is related to Debtor's Chapter 11 bankruptcy proceeding and Harbour East Development, Ltd.'s ("Harbour East" or "HED") adversary proceeding currently pending in the United States Bankruptcy Court for the Southern District of Florida, Miami Division.

2.     This action is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A)(B)(K) and (O).  Alternatively, this Court has "related to" jurisdiction over the dispute.

3.     This action is brought pursuant to 11 U.S.C. § 509(a), and 510(c)(1) of the Code, and Bankruptcy Rule 7001.

4.     Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409(a).

**B.     Introduction and Procedural Background.**

**i.     Egozi's Adversary Complaint and Proposed Consolidation of the Three Adversary Proceedings**

5.     On June 21, 2011, Egozi filed an Adversary Complaint against NBV.  The Egozi Adversary Complaint asserts: Count I—Determination of the Amount, Validity, and Priority of Egozi's Claim and Subordination of NBV's Claim to Egozi's Claim; and Count II—Subrogation of Egozi's Claim.  (D.E. 1).

6.     Egozi filed a detailed twenty-four (24) page Adversary Complaint with ninety-five (95) factual allegations.

7.     Thereafter, on July 22, 2011, NBV filed a Motion to Dismiss Egozi's Adversary Complaint (D.E. 7), and on July 29, 2011, NBV filed a Motion for Sanctions.

2

8.     NBV moved for sanctions under Federal Rule of Bankruptcy Procedure 9011, due to Egozi's alleged vexatious and duplicative litigation. The Court does not believe sanctions are warranted because Egozi did not file duplicative motions or filings rearguing an issue already decided by any of the Court's prior rulings or orders. In fact, the Egozi Adversary Proceeding is the first adversary proceeding that Egozi filed. The case law interpreting Rule 9011 allows sanctions where a party continuously attacks the same issue after it has become final. *Ballato v. Ballato*, 190 B.R. 447, 449 (M.D. Fla. 1995). Rule 9011 is specifically designed to prohibit the re-argument of issues already ruled upon by the Court. *Id.*

9.     Here, the Debtor, HED, filed an adversary proceeding against Egozi and NBV. NBV moved to dismiss the adversary proceeding, arguing that many of the claims asserted by HED should really be brought by Egozi, individually. NBV also filed a separate adversary proceeding against Egozi. Egozi reviewed NBV's Motion to Dismiss, and NBV's adversary proceeding, and decided to seek leave of Court to amend to assert his individual claims. Even though it was very early on in the case and Egozi had not previously sought any other amendments, NBV opposed Egozi's motion to amend. Prior to the Court ruling on NBV's Motion to Dismiss or Egozi's Motions for Leave to Amend, in an abundance of caution and concern, especially in light of NBV opposing Egozi's leave to amend, Egozi filed the separate adversary proceeding to assert his individual claims. Egozi has an absolute right to assert his claims. NBV's Sanction Motion appears to be an attempt to preclude Egozi from having his claims heard.

**ii.     Standard on a Motion for Sanctions.**

10.     On a Motion for Sanctions, "[t]he appropriate review of a party's actions is measured on an objective standard." *Ballato v. Ballato*, 190 B.R. 447, 449 (M.D. Fla. 1995). "This requires the court to look beyond the party's subjective intent and determine whether a

3

reasonable person would have taken the same actions under the circumstances a party did in any particular case." *Id.* "The rule is not meant to deter an attorney's enthusiasm or creativity in pursing factual or legal theories." *In re Florida Bay Banks, Inc.*, 156 B.R. 673, 675 (Bankr. N.D. Fla. 1993).

11. Under the procedural history and facts of this case, Egozi's actions do not justify sanctions as the Court does not believe the filing of the Complaint was vexatious and duplicative.

C. <u>**NBV's Motion for Sanctions has No Basis in Fact**</u>

12. The procedural history of this chapter 11 bankruptcy case does not call for sanctions against Egozi for vexatious or duplicative litigation.

13. On December 15, 2010, the HED Adversary Complaint was filed against Egozi and NBV (D.E. 322). Egozi was not represented by counsel at the time.

14. On February 4, 2011, NBV filed a Motion to Dismiss the HED Adversary Complaint (D.E. 15). Specifically, in the Motion to Dismiss, NBV stated that "Harbour East has no standing to assert Egozi's alleged claims." NBV states "[w]hile it may be the case that Northern Trust [NBV's predecessor in interest] owed a fiduciary duty to Egozi as trustee of various trusts and as his personal financial advisor, the details of the relationship between Northern Trust and Egozi are irrelevant to a determination of the relationship between Northern Trust and Harbour East." NBV states that "Harbour East fails to plead any specific facts indicating that Northern Trust knowingly entered into a relationship of trust with Harbour East **(as opposed to Egozi)** or otherwise behaved in a manner to convert a debtor-creditor relationship into something more." NBV concludes in the Motion to Dismiss that "[t]he Court cannot allow Harbour East to cloak itself **in Egozi's potential claims** …"

15. Although the Court recently granted the Motion to Dismiss HED's claims, it did not preclude Egozi from asserting his individual claims. Egozi is an individual creditor who is entitled to bring his claims separate and apart from the Debtor.

16. NBV argued in the HED Adversary Proceeding that Egozi, individually, and not HED, should bring his own claims for equitable subordination and subrogation. Egozi sought to do just that.

17. NBV cannot have it both ways. NBV cannot argue in the Motion to Dismiss in one adversary proceeding that HED's claims should be dismissed because they are really Egozi's claims, and then when Egozi seeks leave to amend to assert his claims, or files the Egozi Adversary Complaint to assert his claims, seek sanctions for vexatious and duplicative litigation.

18. The Court has granted Egozi's Motion for Leave to assert counterclaims in the NBV Adversary Proceeding, but will not sanction Egozi who, in abundance of caution and to prevent any statute of limitation problems, filed the Egozi Adversary Complaint.

19. In fact, Egozi sought to consolidate the adversary proceedings to expedite the process and for judicial economy.

**D.     Conclusion**

20. Under Federal Rule of Bankruptcy Procedure 9011, the facts and procedural background in this case do not warrant sanctions. Sanctions for vexatious and duplicative litigation under Federal Rule of Bankruptcy Procedure 9011 are only warranted in special circumstances when a party "filed numerous pleadings *attacking* the [same issue] *after it had become final*." *Ballato*, 190 B.R. at 449 (M.D. Fla. 1995) ("Appellant filed numerous pleadings attacking the compromise after it had become final, and therefore, his actions violate F.R.B.P. 9011") (emphasis added). Federal Rule of Bankruptcy Procedure 9011 "is specifically designed to prohibit the *re-argument* of issues *already ruled upon by the Court*." *Id*. Federal Rule of

Bankruptcy Procedure 9011 is designed to prevent "**collateral attacks** on **final orders** of a court." *In re Ballato*, 183 B.R. 955, 958 (Bankr. M.D. Fla. 1995) (emphasis added).

21. Even the cases cited by NBV in its Motion for Sanctions evidence that sanctions are not warranted here. "Improper purpose may be shown by excessive persistence in pursuing a claim or defense *in the face of repeated adverse rulings*." *Indus. Risk Insurers v. M.A.N. Gutehoffnungshutte GmbH*, 141 F.3d 1434, 1448 (11th Cir. 1998) (emphasis added). Sanctions may be appropriate when a party files duplicative motions on the same issue **after** the Court had already **entered an Order** rejecting that contention. *Matter of Prop. Mgmt. & Investments, Inc.*, 69 B.R. 310, 312 (Bankr. M.D. Fla. 1987) (emphasis added).

22. Here, as is clear by the procedural background, at the time Egozi filed the Egozi Complaint, the Court had not ruled on any of Egozi's individual claims against NBV. The Motion to Dismiss (although only dealing with HED's claims) was pending, and the motions for leave for Egozi to assert his claims in the other adversary proceedings were pending, and no adverse ruling was made against Egozi. Accordingly, the Court finds an award of sanctions is not warranted. It is therefore

ORDERED AND ADJUDGED that *7935 NBV LLC's Motion for Sanctions* (D.E. 9) is DENIED.

###

Copies furnished to:

Mindy Mora, Esq.

Attorney Mora is directed to immediately serve a conformed copy of this order upon all interested parties and thereupon file with the Court a certificate of service.